[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15045
Non-Argument Calendar

_____

D. C. Docket No. 04-00084-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIANO QUINTERO RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 26, 2005)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Adriano Quintero Rodriguez pleaded guilty to one count of conspiracy to

possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903. He appeals his 135-month sentence on two grounds.

First, Rodriguez argues that the district court erred by not granting him a minor role reduction pursuant to U.S.S.G. § 3B1.2(b). The district court's factual determination regarding whether a defendant is eligible for a role reduction is reviewed only for clear error. See United States v. Rodriguez De Varon, 175 F.3d 930, 934 (11th Cir. 1999) (en banc).

A district court can apply a two-point reduction to a defendant's offense level if that defendant is a "minor" participant in the offense. U.S.S.G. § 3B1.2(b). A defendant is a minor participant if he "plays a part in committing the offense that makes him substantially less culpable than the average participant[,] . . . but [his] role could not be described as minimal." Id. cmt. nn.3(A) & 5. The determination of whether a role in the offense reduction is warranted is guided by two basic principles: "first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." Rodriguez De Varon, 175 F.3d at 940.

Rodriguez has not shown that his role in the relevant conduct was "minor." The most persuasive piece of evidence weighing against Rodriguez is the fact that

2

the United States Coast Guard recovered approximately 4.7 tons of cocaine from the small boat on which Rodriguez was a crew member. Being a crew member on a small boat carrying 4.7 tons of cocaine is fact that weighs heavily against a minor participation finding. Id. at 943.

Nor has Rodriguez demonstrated that his role was minor as compared to the other participants in the criminal conduct. He argues that he was less culpable than the captain of the boat and the mechanic. He has ignored, however, the fact that there were eight crew members on the boat. Rodriguez has put forward no evidence to show that he was any less culpable than any of the five crew members who participated in the drug conspiracy aside from himself, the captain, and the mechanic.

Based on these facts, Rodriguez has not demonstrated that the district court clearly erred in determining that he was not entitled to a minor role adjustment.

Rodriguez's second argument is that the district court erred in light of United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), because he was sentenced under a mandatory guidelines regime. He is correct that the district court committed a Booker statutory error. See United States v. Shelton, 400 F.3d 1325, 1330–31 (11th Cir. 2005). Because Rodriguez made a timely objection before the district court, we review the Booker error to determine whether it was

harmless.  United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005).  A

Booker statutory error is harmless if "viewing the proceedings in their entirety, a

court determines that the error did not affect the sentence, or had but very slight

effect.  If one can say with fair assurance that the sentence was not substantially

swayed by the error, the sentence is due to be affirmed even though there was

error."  Id. at 1292 (internal marks omitted).

In this case, the district court judge recognized that if the guidelines were

held unconstitutional, she could sentence Rodriguez to the statutory maximum if

she so chose.  The judge then stated:  "But I would not do that, I would impose the

same sentence whether I had a guideline or not."  Given that statement, we can say

with fair assurance that the sentence decision was not swayed by the error.  See id.

(holding that the Booker statutory error was harmless where the district court judge

stated that the defendant would have received the same sentence regardless of

whether the guidelines were mandatory or advisory).  The Booker statutory error,

therefore, was harmless.

**AFFIRMED.**

4